UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 06 2016

DOUGLAS F. YOUNG, Clerk
By
          Deputy Clerk

| | |
|---|---|
| KAREN HENRY ) | |
|    Plaintiff ) | |
| ) | |
| vs. ) | Case No. 16-5098 |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| RONALD MULLIS, M.D. ) | |
|    Defendants. ) | |

## COMPLAINT

PLAINTIFFS STATE:

1. This claim against the United States of America is brought pursuant to the Federal Tort Claims Act.

2. Plaintiff Karen Henry is a citizen of the United States who resides in Benton County, Arkansas within the Fayetteville Division of the U.S. District Court for the Western District of Arkansas.

3. At all times herein concerned Karen Henry is and was the lawfully wedded wife of Plaintiff Dennis Henry.

4. Defendant Ronald Mullis, M.D. is a physician who at all times herein concerned was practicing at the Veterans Administration Hospital in Fayetteville, Arkansas.

5. Ronald Mullis, M.D. was not an employee of the Veteran's Administration (or Department of Veterans Affairs) at the time he provided care and treatment to Plaintiff Dennis Henry, in which the claims against Dr. Mullis are not covered by the

1

Federal Tort Claims Act and the claims against Defendant Ronald Mullis, M.D. are within the jurisdiction of this Court under its Supplemental Jurisdiction, as is more fully set out below.

6. William R. McNair, M.D. was an employee of the Veteran's Administration (or Department of Veterans Affairs) at the time he provided care and treatment to Plaintiff Dennis Henry, in which event claims arising from Dr. Mullis' negligence are covered by the Federal Tort Claims Act.

7. Jurisdiction of the claims against the United States of America lies with this Court pursuant to 28 U.S.C. § 1346(b)(1).

8. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1402(a)(1) in that the plaintiffs reside within the Western District of Arkansas.

9. Jurisdiction of the claims against Ronald Mullis, M.D. lies with this Court pursuant to the Supplemental Jurisdiction Statute, 28 U.S.C. § 1367(a) in that the claims against both Ronald Mullis, M.D. and the United States of America are based upon negligent medical care of Plaintiff Dennis Henry rendered at the Veterans Administration Hospital in Fayetteville, Arkansas; Ronald Mullis, M.D. was not an employee of the Veterans Administration (or Department of Veterans Affairs) acting within the scope of his office or employment while treating plaintiffs; and said defendant is jointly and severally liable to plaintiffs with the United States of America. Therefore, the claims against both the United States of America and Ronald Mullis, M.D. arise from the same case or controversy and this Court has supplemental jurisdiction over the claims against defendant Ronald Mullis, M.D.

10. This claim was filed administratively with the Veteran's Administration (Department of Veterans Affairs) on or about November 25, 2015, being within two years of the accrual of plaintiffs' cause of action, and the claim was administratively denied on or about April 5, 2016. This Complaint is filed less than six months after the claim was administratively denied, and therefore this Complaint is timely filed.

11. Plaintiff's spouse, Dennis Henry, is entitled to receive medical care from the Veterans Administration by reason of his prior military service.

12. On or about December 3, 2013, Plaintiff's spouse Dennis Henry presented to the Veterans Administration Hospital in Fayetteville, Arkansas, where he was diagnosed with possible small bowel obstruction. Defendant Ronald Mullis, M.D. was assigned to Mr. Henry's care, and took Plaintiff to surgery for a laparotomy, or open abdominal surgery, with small bowel resection with primary anastomosis.

13. During the surgery Defendant Ronald Mullis, M.D. incised mesh which had been previously implanted into Mr. Henry's abdomen.

14. Defendant Ronald Mullis, M.D. chose to close the anastomosis with a GIA stapling device.

15. Defendant Ronald Mullis, M.D. further chose to close the skin incision with staples.

16. Dennis Henry was transferred after surgery to postoperative care in the PACU. While there the nursing staff reapplied Mr. Henry's abdominal binder after which Mr. Henry had what the nurse described as "dry heaves" which resulted in the abdominal wound dehiscing or opening allowing Plaintiff's intestines to spill outward. The nursing staff further observed stool leaking from that location.

17. Dennis Henry was then taken back to surgery where Defendant William R. McNair, M.D. with Ronald Mullis, M.D., assisting (or alternatively Ronald Mullis, M.D., with William R. McNair, assisting, the records reflect both situations), re-entered Mr. Henry's abdomen. The surgical report states "There were 2 enterotomies that were noted that due to the laceration from the skin staple." In other words, two holes had been ripped into the intestines by skin staples which had torn lose.

18. This second surgical report further reflected that intestinal content had spilled into the peritoneal cavity.

19. On December 5, 2013 Jerry R. Kelley, M.D., Chief of the Surgical Service wrote "I talked with Mrs. Henry this morning prior to transfer. I explained that I had reviewed the case and feel that the dehissiance (sic) was not unexpected due to his body mass."

20. Defendant Ronald Mullis, M.D. had used metal staples to close Mr. Henry's abdomen when the subsequent dehiscing or opening of the abdominal wound was reasonably foreseeable.

21. After the two surgeries Dennis Henry went on to develop peritonitis, sepsis, septic shock, multiorgan failure including respiratory failure, cardiovascular failure, kidney failure, and liver failure.

22. The injuries and damages of plaintiffs were the direct and proximate result of the negligence, faults and omissions of the agents, officers and employees of defendant United States of America acting through its agency the Veterans Administration in one, more or all of the following particulars, to wit:

    a. Said agents, officers and employees used metal staples to secure Dennis Henry's abdomen;

b. Said agents, officers and employees did not adequately supervise the closure of Mr. Henry's abdomen;

c. Said agents, officers and employees did not timely recognize the reasonable likelihood that Plaintiff Dennis Henry's abdomen would dehisce or open after the first surgery;

d. Said agents, officers and employees did not timely recognize that the staples used to close the abdomen would, upon the surgical wound dehiscing, be sharp cutting instruments which would slice the intestines exiting through the abdominal wound;

e. Said agents, officers and employees did not timely discontinue Toradol, or ketorolac;

f. Said agents, officers and employees did not timely administer sufficient antiemetics;

g. Said agents, officers and employees did not adequately bind Plaintiff's abdomen;

h. Said agents, officers and employees did not properly position the binder upon Plaintiff's abdomen;

i. Said agents, officers and employees did not adequately secure Plaintiff's abdomen;

j. Said agents, officers and employees did not adequately clean the peritoneal cavity after the spillage of intestinal contents therein;

k. Said agents, officers and employees did not order adequate antibiotics to prevent peritonitis;

    l.  Said agents, officers and employees did not timely order an infectious disease consultation;

    m.  Said agents, officers and employees did not timely recognize the peritonitis;

    n.  Said agents, officers and employees did not timely or adequately treat the peritonitis

    o.  Said agents, officers and employees were negligent in such other and further ways as may be ascertained during discovery.

23. Ronald Mullis, M.D. was negligent, individually or jointly, in one, more, or all of the following particulars, to wit:

    a.  Said defendant used metal staples to secure Dennis Henry's abdomen;

    b.  Said defendant did not adequately supervise the closure of Dennis Henry's abdomen;

    c.  Said defendant did not timely recognize the reasonable likelihood that Dennis Henry's abdomen would dehisce or open after the first surgery;

    d.  Said defendant did not timely recognize that the staples used to close the abdomen would, upon the surgical wound dehiscing, be sharp cutting instruments which would slice the intestines exiting through the abdominal wound;

    e.  Said defendant did not timely discontinue Toradol, or ketorolac;

    f.  Said defendant did not timely administer sufficient antiemetics;

    g.  Said defendant did not adequately bind Dennis Henry's abdomen;

    h.  Said defendant did not properly position the binder upon Mr. Henry's abdomen;

    i. Said defendant did not adequately secure Dennis Henry's abdomen;

    j. Said defendant did not adequately clean the peritoneal cavity after the spillage of intestinal contents therein;

    k. Said defendant did not order adequate antibiotics to prevent peritonitis;

    l. Said defendant did not timely order an infectious disease consultation;

    m. Said defendant did not timely recognize the peritonitis;

    n. Said defendant did not timely or adequately treat the peritonitis

    o. Said defendant were negligent in such other and further ways as may be ascertained during discovery.

24. The aforesaid negligence of the agents, officers and employees of the United States of America, and of defendant Ronald Mullis, M.D. jointly and severally, directly caused or directly contributed to cause Dennis Henry to develop peritonitis, sepsis, septic shock, multiorgan failure including respiratory failure, cardiovascular failure, kidney failure, and liver failure. Dennis Henry was caused to endure lengthy, painful, and difficult hospitalization and other care and treatment including dialysis. Dennis Henry has also sustained permanent injury to various organs including his heart, kidneys, and other vital organs. Dennis Henry has further sustained a permanent loss of income and impairment of earning capacity. Dennis Henry has furthermore suffered a decreased level of activity and enjoyment of life.

25. The aforesaid negligence of the agents, officers and employees of the United States of American, and of defendant Ronald Mullis, M.D. jointly and severally, and the resulting injuries and harm to Dennis Henry, has directly caused or directly

contributed to cause Plaintiff Karen Henry to lose the care, support and consortium of her husband Dennis Henry

WHEREFORE, Plaintiff Karen Henry further prays judgment against the defendants, and each of them, jointly and severally, in the sum of Two Million Dollars or alternatively if relief for a specific sum is not allowed then for such sum as is fair and reasonable. Plaintiff further prays for their costs.

Respectfully submitted by,

JOHNSON, VORHEES & MARTUCCI

/s/ Glenn Gulick
Glenn Gulick, Jr. AR Bar #2013290
JOHNSON, VORHEES & MARTUCCI
510 W. 6th Street
Joplin, MO 64801
Telephone: 417-206-0100
Facsimile: 417-206-0110
E-mail: glenn@4stateslaw.com
***ATTORNEYS FOR PLAINTIFF***

**JURY TRIAL DEMANDED AS TO DEFENDANT MULLIS**